UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP MILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00236-TWP-DML |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Phillip Miles for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 15-08-0074. For the reasons explained in this Entry, Mr. Miles's habeas petition must be **denied**.

### A.    OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. THE DISCIPLINARY PROCEEDING

On August 22, 2015, Officer Watson wrote a Conduct Report charging Mr. Miles with possession of altered property. The Conduct Report states:

> On [August 22] I Ofc. A. Watson conducted a shakedown of Ofd. Miles, Phillip #114544. While searching Ofd. Miles cell I found a pair of tweezers that have been altered with a piece of metal sticking out the top of it that comes to a point.

Dkt. 8-1 at 1.

Mr. Miles was notified of the charge on August 25, 2015, when he received the Screening Report. He plead not guilty to the charge, did not request any witnesses, and requested only his property log as physical evidence.

A hearing was held on August 28, 2015. Mr. Miles stated that he bought the tweezers while housed at Wabash Valley Correctional Facility and has had them since, and that the shake down was in retaliation for filing a grievance against Officer Watson. Based on Mr. Miles's statement, the staff reports, and a picture of the tweezers, the hearing officer found Mr. Miles guilty. The hearing officer recommended and approved sanctions that included a ninety-day earned-credit-time deprivation.

Mr. Miles appealed to Facility Head, arguing that there was insufficient evidence that he altered the tweezers. The Facility Head denied the appeal, stating amount other things that "[t]he tweezers had been altered; the end had been sharpened to a point." Dkt. 8-4 at 8. Mr. Miles appealed to the IDOC Final Reviewing Authority, who denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. ANALYSIS

Mr. Miles makes several arguments in his habeas petition, all of which together amount to a challenge that there was insufficient evidence that he altered the tweezers and thus possessed

altered property. Specifically, he maintains that he obtained the tweezers through a prion special order program thirteen years before the incident, that they were noted on his property log when he was transferred from that facility, and that there is no evidence that the tweezers were altered. He also argues that the shake down that led to the discovery of the tweezers and the Conduct Report were in retaliation for his filing of a grievance against Officer Watson shortly before. The respondent argues that the Conduct Report alone constitutes sufficient evidence that Mr. Miles was in possession of altered property.

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "some evidence" standard is met in this case. Officer Watson stated in the Conduct Report that the tweezers "have been altered with a piece of metal sticking out the top of it that comes to a point." Dkt. 8-1 at 1. The hearing officer could have relied on the Conduct Report to find Mr. Miles guilty, as the Conduct Report alone can "provide[] 'some evidence' for the . . . decision." *McPherson*, 188 F.3d at 786.

The hearing officer also relied on a photograph of the tweezers that shows them coming to a point. Although Mr. Miles contends that they were like this originally, and provides as evidence pictures of tweezers from the internet that look similar, the Court cannot "weigh the evidence," which is essentially his request; instead the Court must affirm the decision as long as it has "some factual basis." *Id.* The Conduct Report and the picture provide a factual basis for the decision.

This is true even though Mr. Miles had a colorable or even perhaps persuasive argument that the tweezers were unaltered. The hearing officer had the right to reject his position and instead rely on the evidence presented that the tweezers were in fact altered. The "some evidence" standard does not allow this Court to reassess this choice.

Finally, the Court notes that even if the shake down by Officer Watson was done in retaliation for Mr. Miles's filing a grievance against her, this is not a basis for habeas relief. To the extent he is attempting to assert a First Amendment retaliation claim, such a claim may not be brought in a habeas action such as this one; it can only be brought in a separate civil rights action pursuant to 42 U.S.C. § 1983.

For the above reasons, Mr. Miles has not established that he is entitled to habeas relief.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Miles to the relief he seeks. Accordingly, Mr. Miles's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/8/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PHILLIP MILES
114544
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel